UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
NASSAU DIVISION

LEADING EDGE NOVELTY, INC.          CIVIL ACTION NO.    9:14-CV-4453

    Plaintiffs,

vs.

AMAZON.COM, INC.

    Defendant.

_____

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION
INJUNCTIVE RELIEF DEMANDED
DEMAND FOR JURY TRIAL**

Plaintiff, LEADING EDGE NOVELTY, INC. sues Defendant AMAZON.COM, INC., and states the following in support thereof:

### I. NATURE OF THE ACTION

1. This action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for infringement of unregistered trademark and unfair competition, and for unfair competition under the common law of the State of New York.

2. Leading Edge Novelty, Inc. ("LEN") is the exclusive distributor of a unique novelty product known as WATER DANCING SPEAKERS that, when connected to a computer or digital music device, play music and display an incredible light and water show in where the water and lights combine to "dance" to the music. LEN does not sell WATER DANCING SPEAKERS on Amazon.com, Inc. ("Amazon"), the internet retailer that sells good and provides a marketplace for other retailers to sell their goods. Amazon has, without LEN's permission or authority, and in violation of LEN's rights, sold inferior speakers and permitted other retailers to

sell inferior speakers under the WATER DANCING SPEAKERS and LEADING EDGE trademarks.

3. LEN brings this action against Amazon to cause Amazon to cease and desist from continued infringement and for damages incurred by LEN as a result of the infringement.

## II. JURISDICTION AND VENUE

4. This is an action arising under the Lanham Trademark Act, 15 U.S.C. § 1125 and New York common law.

5. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff's federal trademark infringement claims arise under the laws of the United States. This Court has supplemental jurisdiction of Plaintiff's New York common law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant is subject to personal jurisdiction in New York.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, and Defendant is subject to personal jurisdiction in this district.

## III. PARTIES

8. Leading Edge Novelty, Inc. is a New York corporation with its principal place of business in Nassau County, New York.

9. Amazon.com, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.

## IV. LEN'S TRADEMARKS

10. LEN owns trademarks that symbolize the business of LEN including LEADING EDGE and WATER DANCING SPEAKERS.

11. The WATER DANCING SPEAKERS and the LEADING EDGE trademark represent a popular novelty home entertainment product distributed by LEN in the United States called LEADING EDGE WATER DANCING SPEAKERS, which are audio speakers designed to be used with computers, MP3 players, and other devices that can be connected to speakers using an ordinary audio cable. LEADING EDGE WATER DANCING SPEAKERS enhance the user's audio experience by not only playing music with higher fidelity than normal speakers, but also providing a colored light show whereby clear liquid encased in the speakers "dances" to the beat of the music playing through the speakers. The combination of musical sound and lighting effects produced by LEADING EDGE WATER DANCING SPEAKERS delivers a unique and attractive experience to consumers over traditional speakers.

12. LEN has invested substantial time, effort, and financial resources promoting LEADING EDGE WATER DANCING SPEAKERS in connection with the marketing and sale of its novelty items that bear those trademarks in interstate commerce.

13. The LEADING EDGE and WATER DANCING SPEAKERS trademarks, both together and separately, have become assets of substantial value as symbols of LEN and its LEADING EDGE WATER DANCING SPEAKERS products with favorable public acceptance and recognition.

14. The public recognizes LEADING EDGE WATER DANCING SPEAKERS and associates the LEADING EDGE and WATER DANCING SPEAKERS trademarks with LEN.

15. The public recognizes LEADING EDGE WATER DANCING SPEAKERS as an LEN quality product and associates the trademark with LEN.

16. LEN has consistently used the LEADING EDGE and WATER DANCING SPEAKERS trademarks in its marketing efforts.

17. The LEADING EDGE and WATER DANCING SPEAKERS trademarks are strongly associated with a single source, namely LEN.

18. The products sold by LEN under the LEADING EDGE WATER DANCING SPEAKERS trademarks are protected by U.S. Patent No. 7,617,624 entitled "Musical Water Tank" (the "'624 Patent").

19. LEN is one of only a few licensed distributors in the U.S. permitted to sell the products sold by LEN under the LEADING EDGE WATER DANCING SPEAKERS trademarks protected by the '624 Patent.

20. LEN has invested a substantial amount of its resources, time and money, advertising and promoting its LEADING EDGE WATER DANCING SPEAKERS products under the trademarks.

## VI. INFRINGEMENT BY AMAZON

21. Amazon sells products online through websites, including the website at www.amazon.com.

22. Amazon is not licensed to sell the products sold by LEN under the LEADING EDGE WATER DANCING SPEAKERS trademarks.

23. Amazon is not licensed to sell products protected by the '624 Patent.

24. Amazon has infringed the LEADING EDGE and WATER DANCING SPEAKERS trademarks in connection with the operation of their businesses.

25. Specifically, as shown in Exhibit A attached hereto, Amazon offers for sale many different versions of speakers that play music and also provide a colored light show using liquid that dances to the music.

4

26. As also shown in Exhibit A attached hereto, Amazon offers these speakers that play music and also provide a colored light show using liquid that dances to the music under the name LEADING EDGE WATER DANCING SPEAKERS.

27. As also shown in Exhibit A attached hereto, marketers and sellers of speakers that play music and also provide a colored light show using liquid that dances to the music sell their items on Amazon.com using the name LEADING EDGE WATER DANCING SPEAKERS.

28. Many of the products offered for sale on Amazon that play music and also provide a colored light show using liquid that dances to the music that go by the name LEADING EDGE WATER DANCING SPEAKERS are inferior products that are not authentic and are not sold by LEN or any other licensees of the '624 Patent.

29. Many of the products offered for sale on Amazon that play music and also provide a colored light show using liquid that dances to the music are not authorized to use the LEADING EDGE WATER DANCING SPEAKERS trademarks, either alone or together.

30. Many of the products offered for sale on Amazon that play music and also provide a colored light show using liquid that dances to the music are not authorized to practice the '624 Patent.

31. The actions of Amazon in selling and permitting others to sell products that play music and also provide a colored light show using liquid that dances to the music that go by the name LEADING EDGE WATER DANCING SPEAKERS are likely to lead the public to conclude, incorrectly, that all products sold by Amazon originate from or are authorized by LEN which damages LEN's rights in its trademarks.

32. LEN has advised Amazon of the fact that it and other sellers are selling products on Amazon that play music and also provide a colored light show using liquid that dances to the

music using the name LEADING EDGE WATER DANCING SPEAKERS without LEN's authorization or the authorization of the owners or licensees of the '624 Patent, but Amazon has failed and refused to take any action to stop this practice.

33. Plaintiff has engaged the undersigned attorneys and agreed to pay them a reasonable fee.

## COUNT I – TRADEMARK INFRINGEMENT

34. LEN repeats and re-alleges the allegations of paragraphs 1 through 33 as though fully set forth herein.

35. Defendant's activities complained of herein constitute infringement of Plaintiff's trademarks in violation of 15 U.S.C. § 1125(a) to the injury and detriment of Plaintiff.

36. As a direct and proximate result of Defendant's infringement, LEN has suffered and will continue to suffer loss of income, profits and good will and defendants will continue to unfairly acquire income, profits, and good will.

## COUNT II – FEDERAL UNFAIR COMPETITION

37. LEN repeats and re-alleges the allegations of paragraphs 1 through 33 as though fully set forth herein.

38. Defendant's activities complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a) to the injury and detriment of Plaintiff.

39. As a direct and proximate result of Defendant's infringement, LEN has suffered and will continue to suffer loss of income, profits and good will and defendants will continue to unfairly acquire income, profits, and good will.

## COUNT III -- UNFAIR COMPETITION – NEW YORK COMMON LAW

40. LEN repeats and re-alleges the allegations of paragraphs 1 through 33 as though fully set forth herein.

41. Defendant's activities complained of herein constitute unfair methods of competition in violation of the common law of the State of New York.

42. As a direct and proximate result of Defendant's unfair competition, LEN has suffered and will continue to suffer loss of income, profits and good will and defendants will continue to unfairly acquire income, profits, and good will.

## PRAYER FOR RELIEF

WHEREFORE, LEN demands judgment and relief against Defendant and respectfully requests that this Court:

A. Find that Defendant has engaged in trademark infringement in violation of the laws of the United States;

B. Find that Defendant has engaged in unfair competition in violation of the laws of the United States;

C. Find that Defendant has engaged in unfair competition in violation of New York common law;

D. Enter judgment for LEN on all Counts of the Complaint.

E. Temporarily, preliminarily and permanently enjoin, restrain and forbid Defendant, and all of Defendant's principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors and assignees and all others acting in privity, concert or participation with Defendant, from:

(i). imitating, copying, duplicating or otherwise making any use of LEN's trademarks, or any mark confusingly similar to or likely to dilute the distinctiveness of LEN's trademarks in any manner;

(ii). using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product advertised, promoted, offered or sold by Defendant are sponsored, endorsed, connected with, approved by, or authorized by LEN;

(iii). engaging in any activity constituting unfair competition with LEN or with LEN's rights in, or to use, or to exploit the same;

(iv). further using LEN's trademarks, or confusingly similar variations thereof, in or as a part of any advertising, marketing and/or media material, web page text, domain name, email or other communication;

(v). using LEN's trademarks as keywords, search words, meta-tags, as any part of a uniform resource locators, as any part of an email address or as any part of the description of a web site in any submission for registration of any Internet site with a search engine or index;

(vi). assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (i)-(v) above;

F. Direct Defendant to account for all products and materials bearing LEN's trademarks or any other marks confusingly similar to or likely to dilute the

distinctiveness of LEN's trademarks, and to surrender all such products and materials to the Court for destruction;

G. Award LEN actual damages in an amount to be proved at trial and/or as otherwise provided by law;

H. Order an accounting by Defendant of any profits derived in any way from Defendants' wrongful acts;

I. Award LEN prejudgment interest.

J. Award LEN its reasonable attorney fees and costs of suit incurred herein; and

K. Award such other and further relief as is just and proper.

Dated: July 24, 2014

Respectfully submitted,

By: _____
Joel B. Rothman (0352)
joel.rothman@sriplaw.com

Schneider Rothman Intellectual Property Law Group PLLC
4651 North Federal Highway
Boca Raton, FL 33431
Tel: 561-404-4350
Fax: 561-404-4353
Attorneys for Plaintiff